# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 25, 2013

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**JAMES H. THOMPSON JR,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1475** (BOR Appeal No. 2045642)
                    (Claim No. 950037384)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**DAVID THOMPSON,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James H. Thompson Jr., pro se appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 3, 2011, in which the Board partially reversed a February 11, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 20, 2010, Order which denied authorization for a spinal cord stimulator, Bupap, Ambien, Duragesic patches, and Neurontin. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited

1

circumstances" requirement of Rule 21 (d) of the Revised Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

On February 16, 1995, Mr. James H. Thompson Jr. was working as a heavy equipment operator/truck driver for David Thompson, when he sustained injuries to his back while pulling a wench cable. Mr. Thompson's claim was held compensable for multiple injuries. Mr. Thompson has had six surgeries on his back, has tried morphine pumps for pain relief, and his pain is now managed by a pain specialist. Mr. Thompson's pain management specialist, Dr. Gutti, requested a spinal cord stimulator, Bupap, Ambien, Duragesic patches, and Neurontin. On August 2, 2010, the claims administrator denied Mr. Thompson's request based upon Dr. Mukkamala's opinion that there was no causal relationship between the compensable injury and Mr. Thompson's complaints of pain. Mr. Thompson appealed.

The Office of Judges ruled that the weight of the evidence supports authorization for a spinal cord stimulator, Bupap, Ambien, Duragesic patches, and Neurontin as reasonably required medical treatment for Mr. Thompson's February 16, 1995, compensable injuries. The Office of Judges found Dr. Mukkamala's assertion that Mr. Thompson needed only a home exercise program to treat his severe failed low back syndrome unpersuasive. The Office of Judges reasoned that Dr. Gutti's report supported the findings that the requested medications are reasonably required for treating Mr. Thompson's condition. It further noted that restrictions on medications do not apply in extraordinary cases. The Office of Judges found that having six low back surgeries was an extraordinary case and that restrictions on the medications were not applicable.

The Board of Review found that the Office of Judges's authorization of the medications Bupap, Ambien, and Duragesic patches was clearly wrong. The Board of Review noted that Dr. Gutti's report of July 20, 2010, stated the medications were justified because Mr. Thompson has had multiple back operations and continues to have post laminectomy syndrome scarring, radiculitis, and neuropathic pain. The Board of Review found that Dr. Gutti's report and other evidence failed to provide the necessary documentation for the authorization of controlled substances beyond the limited time period after the initial injury or subsequent surgery. We agree with the reasoning and conclusion of the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is clearly the result of erroneous conclusions of law. Therefore, the decision of the Board of Review is reversed.

Reverse and Remand.


**ISSUED:   October 25, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Margaret L. Workman

Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Robin J. Davis